| | |
|---|---|
| JAMES GARRETT    8706 NE 91st Street    Kansas City, Missouri  64157 | ) ) ) ) |
| and | ) |
| JASON GARRETT    10721 Lewis Court    Kansas Cit, Missouri  64134 | ) ) ) ) |
| and | ) |
| KIMBERLY JACKSON    7605 Jefferson Street    Kansas City, Missouri  64134 | ) ) ) ) |
| and | ) |
| ANTOINETTE FORD    5241 Brookwood    Kansas City, Missouri  64130 | ) ) ) ) |
| and | ) |
| EBONYE N. FORD    8019 Garfield    Kansas City, Missouri  64132 | ) ) ) ) |
| and | ) |
| ROBERT FORD    5241 Brookwood    Kansas City, Missouri 64130 | ) ) ) ) |
| PLAINTIFFS, | ) |
| v. | ) |
| GEORGE MARTIN ALBRIGHT, JR. Serve At:    1362 West Road | ) ) ) |

**Case Number 06-CV-4137**

|  |  |
|---|---|
| Clarksville, Tennessee, 37040, | ) |
| and | ) |
|  | ) |
| TRUCKER'S PLUS HR, INC. | ) |
| Serve Registered Agent: | ) |
|     American Staffing Resource, Ltd. | ) |
|     3235 Omni Drive | ) |
|     Cincinnati, Ohio 45245, | ) |
|  | ) |
| and | ) |
|  | ) |
|  | ) |
| RESOLVE STAFFING, INC. | ) |
| Serve Registered Agent: | ) |
|     State Agent and Transfer | ) |
|     Syndicate, Inc. | ) |
|     112 North Curry Street | ) |
|     Carson City, Nevada 89703-4121, | ) |
|  | ) |
| and | ) |
|  | ) |
| LOGISTICS SERVICES, INC. | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
|  | ) |
| and | ) |
|  | ) |
| GLS LEASCO CORPORATION | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
|  | ) |
| and | ) |
|  | ) |
| LOGISTICS INSIGHT CORPORATION | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
|  | ) |

| | |
|---|---|
| and | ) |
| | ) |
| CENTRA, INC. | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
| | ) |
| and | ) |
| | ) |
| CENTRAL TRANSPORT, INC. | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
| | ) |
| and | ) |
| | ) |
| PRO LOGISTICS, INC. | ) |
| Serve Registered Agent: | ) |
|     Willard J. Lindley | ) |
|     12225 Stephens Road | ) |
|     Warren, Michigan 48089-2010, | ) |
| | ) |
|     DEFENDANTS. | ) |

## COMPLAINT
## WRONGFUL DEATH

COME NOW Plaintiffs, James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford, and Robert Ford, by and through counsel, and for their causes of action against Defendants George Martin Albright, Jr., Trucker's Plus HR, Inc., Resolve Staffing, Inc., Logistics Services, Inc., GLS LeasCo Corporation, Logistics Insight Corporation, Centra, Inc., Central Transport, Inc., and Pro Logistics state:

### PLAINTIFFS

1.    Plaintiffs James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye

Ford, and Robert Ford are individuals, over the age of twenty-one (21) and residing in Kansas City, Missouri. At all times mentioned herein, James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford, and Robert Ford were the natural grandchildren of Decedent Beulah Hunter.

## PLAINTIFFS' DECEDENT

2. Plaintiffs' decedent, Beulah Hunter, was a resident of Kansas City, Missouri at the time of her death. Beulah Hunter was survived by her grandchildren, James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford, and Robert Ford. As such, and pursuant to R.S.Mo. 537.065, James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford, and Robert Ford are proper parties to bring this action for the wrongful death of Beulah Hunter.

## DEFENDANTS

## DEFENDANT GEORGE MARTIN ALBRIGHT, JR.

3. Defendant George Martin Albright, Jr. (hereinafter "Defendant Albright") currently resides at 1362 West Road, Clarksville, Tennessee. He was the tractor-trailer driver at the time of the subject wreck as more fully set out herein. Defendant Albright was employed by Defendant Trucker's Plus HR, Inc. and Defendant Resolve Staffing Inc. and acting within the course and scope of that employment at the time of the subject collision.

## DEFENDANT TRUCKER'S PLUS HR, INC.

4. Defendant Trucker's Plus HR, Inc. (hereinafter "Defendant Trucker's Plus") is an Ohio corporation. Service may be had by serving its registered agent, American Staffing Resource, Ltd., 3235 Omni Drive, Cincinnati, Ohio 45245.

5. Defendant Trucker's Plus is a driver leasing company which furnishes temporary and permanent drivers on demand.

6. At all times relevant hereto, Defendant Trucker's Plus was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

## DEFENDANT RESOLVE STAFFING, INC.

7. Defendant Resolve Staffing, Inc. (hereinafter "Defendant Resolve Staffing") is a Nevada corporation. Service may be had by serving its registered agent, State Agent and Transfer Syndicate, Inc., 112 North Curry Street, Carson City, Nevada 89703-4121.

8. Defendant Resolve Staffing is engaged in the business of providing outsourced human resource services.

9. At all times relevant hereto, Defendant Resolve Staffing was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

## DEFENDANT LOGISTICS SERVICES, INC.

10. Defendant Logistics Services, Inc. (hereinafter "Defendant Logistics Services") is an Oklahoma corporation. Service may be had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

11. Defendant Logistics Services is engaged in the business of buying, manufacturing, and leasing vehicles, including tractor-trailers.

12. At all times materials hereto, Defendant Logistics Services has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in

5

transporting goods throughout states, including the State of Missouri.

13. At all times relevant hereto, Defendant Logistics Services was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

## DEFENDANT GLS LEASCO CORPORATION

14. Defendant GLS LeasCo Corporation (hereinafter referred to as "Defendant GLS") is a Michigan Corporation. Service may be had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

15. Defendant GLS is engaged in the business of buying, manufacturing, and leasing vehicles including tractor-trailers.

16. At all times materials hereto, Defendant GLS has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in transporting goods throughout states, including the State of Missouri.

17. At all times relevant hereto, Defendant GLS was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

## DEFENDANT LOGISTICS INSIGHT CORPORATION

18. Defendant Logistics Insight Corporation (hereinafter referred to as "Defendant Logistics Insight") is a Michigan Corporation. Service may be had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

19. Defendant Logistics Insight is engaged in the business of buying, manufacturing, and

6

leasing vehicles, including tractor-trailers.

20. At all times materials hereto, Defendant Logistics Insight has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in transporting goods throughout states, including the State of Missouri.

21. At all times relevant hereto, Defendant Logistics Insight was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

### DEFENDANT CENTRA INC.

22. Defendant Centra, Inc. (hereinafter referred to as "Defendant Centra") is a Michigan Corporation. Service may be had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

23. Defendant Centra is engaged in the business of buying, manufacturing, and leasing vehicles, including tractor-trailers.

24. At all times materials hereto, Defendant Centra has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in transporting goods throughout states, including the State of Missouri.

25. At all times relevant hereto, Defendant Centra was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with Defendant.

### DEFENDANT CENTRAL TRANSPORT, INC.

26. Defendant Central Transport, Inc. (hereinafter referred to as "Defendant Central

7

Transport") is a Michigan Corporation. Service maybe had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

27. Defendant Central Transport is engaged in the business of buying, manufacturing, and leasing vehicles, including tractor-trailers.

28. At all times materials hereto, Defendant Central Transport has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in transporting goods throughout states, including the State of Missouri.

29. At all times relevant hereto, Defendant Centra Transport was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with defendant.

## DEFENDANT PRO LOGISTICS, INC.

30. Defendant Pro Logistics, Inc. (hereinafter referred to as "Defendant Pro Logistics") is a Michigan Corporation. Service maybe had by serving its registered agent Willard J. Lindley, 12225 Stephens Road, Warren, Michigan 48089-2010.

31. Defendant Pro Logistics is engaged in the business of buying, manufacturing, and leasing vehicles, including tractor-trailers.

32. At all times materials hereto, Defendant Pro Logistics has sold, leased, manufactured, delivered, serviced, and/or distributed semi-trucks and/or provided drivers for use in transporting goods throughout states, including the State of Missouri.

33. At all times relevant hereto, Defendant Pro Logistics was acting by and through its agents, servants, and/or employees, actual or ostensible, including but not limited to Defendant Albright, each of whom were acting within the course and scope of their employment with

8

Defendant.

## JURISDICTION

34. Jurisdiction is proper in this Court as complete diversity exists between all plaintiffs and all defendants, the cause of action accrued in the State of Missouri and Plaintiffs are seeking damages in excess of $75,000.

## VENUE

35. Venue in the United States District Court, Western District of Missouri, Central Division is proper pursuant local rule 3.2 in that the cause of action giving rise to this lawsuit occurred in Callaway County, Missouri, and none of the Defendants are Missouri residents.

## FACTS COMMON TO ALL COUNTS

36. Interstate 70 (hereinafter "I-70") is a public roadway generally running east and west at the location relevant herein.

37. On or about June 1, 2006, at approximately 5:40 p.m., Beverly Garrett, deceased, was operating a 2006 Ford 500 eastbound on I-70.

38. Beulah Hunter was a passenger in Beverly Garrett's vehicle.

39. At said time and place, Beverly Garrett encountered congested traffic conditions approximately 30 miles east of Columbia, Missouri at or about mile marker 163, which caused traffic to come to a slow and/or complete stop.

40. At said time and place, Defendant Albright was operating a 2005 International tractor-trailer rig, owned by Defendant Logistics Services, at a dangerously high rate of speed eastbound on I-70 and approaching the congested traffic conditions including the vehicle operated by Beverly Garrett.

41. Defendant Albright caused the tractor-trailer he was operating to enter the congested traffic at an extremely high rate of speed and slam into a series of slowly moving and/or stopped vehicles from the rear, including the vehicle operated by Beverly Garrett.

42. The tractor and trailer both struck Beverly Garrett's vehicle.

43. Beulah Hunter was pronounced dead at the scene of the wreck.

## COUNT I
## WRONGFUL DEATH - NEGLIGENCE
**(All Plaintiffs v. All Defendants)**

44. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 43 above, as though fully set forth herein.

45. At the time of the negligent acts complained of herein and at all times mentioned, Defendant Albright, individually, Defendant Trucker's Plus, Defendant Resolve Staffing, Defendant Logistics Services, Defendant GLS, Defendant Logistics Insight, Defendant Centra, Defendant Central Transport and Defendant Pro Logistics, by and through their servants, employees and/or agents, actual or ostensible, had a duty to possess and use the highest degree of care that a very careful and prudent person would use under the same or similar circumstances, and had a duty to follow the rules of the road.

46. Defendant Albright, individually, Defendant Trucker's Plus, Defendant Resolve Staffing, Defendant Logistics Services, Defendant GLS, Defendant Logistics Insight, Defendant Centra, Defendant Central Transport and Defendant Pro Logistics, by and through their servants, employees and or agents, actual or ostensible, breached their duty and committed the following acts of negligence and carelessness by failing to meet the requisite standards of due care, skill and practice as required by members of their profession, to wit:

10

(a) In negligently and carelessly violating the rules of the road by failing to slow for traffic;

(b) In negligently and carelessly violating the rules of the road by losing control of the tractor-trailer and allowing the tractor-trailer to leave the roadway;

(c) In negligently and carelessly failing to act after danger of collision was apparent although it was known or should have been known there was a reasonable likelihood that the vehicle would leave the roadway and cause personal injury or even death;

(d) In negligently and carelessly failing to stop, swerve, or slow and swerve after it was known, or by use of the highest degree of care, could have been known that there was a reasonable likelihood of a collision;

(e) In negligently and carelessly driving too fast for the road conditions;

(f) In negligently and carelessly driving at an excessive speed;

(g) In negligently and carelessly failing to keep a careful lookout;

(h) In negligently and carelessly following traffic too closely;

(i) In negligently and carelessly failing to sound a horn or give warning at any time during the incident sequence;

(j) In negligently and carelessly allowing the tractor-trailer to slam into the rear of Beverly Garrett's vehicle.

(k) In violating Federal Motor Carrier Safety Regulations including, but not limited to:

1. 49 CFR 392.3, which states in part:

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

2. 49 CFR 391.11, which states:

(a) A person shall not drive a commercial motor vehicle unless he/she is

11

qualified to drive a commercial motor vehicle. Except as provided in 391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle.

47. Defendants Trucker's Plus, Resolve Staffing, Logistics Services, GLS, Logistics Insight, Centra, Central Transport and Pro Logistics were also negligent in that:

(a) Defendants did not hire competent, satisfactory, qualified, safety-conscious employees to operate vehicles;

(b) Defendants misjudged and/or overestimated the skills of their employees, specifically Defendant Albright, in his ability to drive their vehicles;

(c) Defendants failed to train educate, direct, prepare; or give guidance to their employees such as Defendant Albright in the use of their vehicles;

(d) Defendants failed to supervise or oversee their employees such as Defendant Albright in the use of their vehicles; and

48. As a direct and proximately result of the defendants' negligence and carelessness, committed by each defendant jointly and severally, Beulah Hunter was caused to suffer severe, permanent and progressive injuries leading to her death.

49. As a further direct and proximate result of the defendants' negligence and carelessness, committed by each defendant jointly and severally, Beulah Hunter experienced great physical and conscious mental pain, anguish and suffering prior to their death. Plaintiffs are the proper parties to recover this element of damages.

50. As a direct and proximate result of defendants' negligence and carelessness, committed by each defendant jointly and severally, James Garrett, Jason Garret, Kimberly Jackson, Antoinette Ford, Ebonye Ford and Robert Ford have been forever deprived of their grandmother's services, comfort, companionship, instruction, guidance, counsel, training and support. Plaintiffs

12

have also incurred burial and other expenses as a direct result of Beulah Hunter's death.

51. Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Beulah Hunter, and other persons similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiffs pray for an award of damages against defendants, and each of them jointly and severally, in an amount in excess of $75,000 to be determined by the jury, for punitive damages, together with interest and costs of suit and for such other relief as is just and proper.

## COUNT II
## NEGLIGENCE PER SE
## (All Plaintiffs v. All Defendants)

52. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 51 above, as though fully set forth herein.

53. The State of Missouri has enacted laws and regulations governing the operation of motor vehicles on the roads and highways of this state, including:

> (a) R.S.Mo 304.012.1, which states in part:
>
>> Every person operating a motor vehicle on the roads and highway of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care.
>
> (b) R.S.Mo. 304.017.1, which states in part:
>
>> The driver of a vehicle shall not follow another vehicle more closely than is reasonably safe and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the roadway.
>
> (c) R.S.Mo. 304.044.2, which states in part:
>
>> The driver of any truck or bus, when traveling upon a public highway of this state outside of a business or residential district, shall not follow within three

13

hundred feet of another such vehicle.

54. On June 30, 2006, Defendant Albright was charged with four (4) counts of second-degree involuntary manslaughter for the deaths of four women, including Beulah Hunter, which resulted from the wreck noted above.

55. Defendants, and each of them, individually and vicariously, violated these state statutes as well as the federal regulations noted in paragraph 46(k) above, and were thereby negligent *per se*.

56. The death of Beulah Hunter is the type of injury these statutes and regulations were designed to prevent.

57. As a direct and proximate result of the defendants' violations of these statutes and regulations, Beulah Hunter was killed.

58. Prior to her death, Beulah Hunter experienced conscious pain and suffering. James Garrett, Jason Garrett, Kimberly Jackson, Antoinette Ford, Ebonye Ford Robert Ford are the proper parties to recover this element of damages.

59. Because of the untimely death of Beulah Hunter, plaintiffs have been, and in the future will be, forever deprived of her services, support, maintenance, guidance, companionship, consortium, comfort, instruction, counsel and training, and each has sustained other damages which can reasonably be measured in money. Plaintiffs have also incurred burial and other expenses as a direct result of the death of Beulah Hunter.

60. By reason of the foregoing, plaintiffs have been damaged and are entitled to fair and reasonable compensation.

WHEREFORE, Plaintiffs pray for an award of damages against defendants, and each of them

jointly and severally, in an amount in excess of $75,000 to be determined by the jury, for punitive damages, together with interest and costs of suit and for such other relief as is just and proper.

## COUNT III
### (Aggravating Circumstances Damages Claim)
### All Plaintiffs v. All Defendants

61. Plaintiffs hereby adopt and incorporate the allegations set forth in paragraphs 1 through 60 above, as though fully set forth herein.

62. At the time Defendant Albright, acting individually and within the course and scope of his employment and/or agency with his co-defendants, Trucker's Plus, Resolve Staffing, Logistics Services, GLS, Logistics Insight, Centra, Central Transport, and Pro Logistics, was operating his vehicle and caused the wreck, he knew, or in the exercise of ordinary care should have known, that the conduct described above created a high degree of probability of injury to others and thereby demonstrated complete indifference to and conscious disregard for the safety of others including Beulah Hunter, justifying the submission of punitive damages in this case.

WHEREFORE, Plaintiffs pray for judgement against all defendants, and each of them, jointly and severally, for fair and reasonable aggravating circumstances damages together with interest and costs of suit and for such other relief as is just and proper.

15

## DEMAND FOR JURY TRIAL ON ALL ISSUES

_____Plaintiffs in the above entitled cause demand a trial by jury.

> Respectfully submitted,
>
> HUMPHREY, FARRINGTON & McCLAIN, P.C.
>
> /s/ Kenneth B. McClain
> Kenneth B. McClain    MO #32430
> Daniel A. Thomas    MO #52030
> 221 West Lexington, Suite 400
> P.O. Box 900
> Independence, MO 64051
> (816) 836-5050 Telephone
> (816) 836-8966 Facsimile
>
> ATTORNEYS FOR PLAINTIFFS