IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JAMES GARRETT, et al., ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 06-CV-4137-NKL |
| ) | (Consolidated with Case Nos. 06-CV- |
| GEORGE MARTIN ALBRIGHT, JR., et al.,) | 0785, 06-CV-4139, 06-CV-4209 and 06- |
| ) | CV-4237) |
| Defendants. ) | |

**ORDER**

This case involves four lawsuits that arose from a June 1, 2006, automotive accident on Interstate 70 in which four people died and others were injured.[1] The defendants are George Martin Albright, Jr.; Trucker's Plus HR, Inc. ("Trucker's Plus"); GLS LeasCo Corporation ("GLS Leasco"); Logistics Insight Corporation ("Logistics Insight"); CenTra, Inc. ("CenTra"); and Pro Logistics, Inc. ("Pro Logistics").

Pending before the Court is Defendants' Joint Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Expert Michael Dreiling [Doc. # 479]. The Court now denies the motion.

**I.     Background**

On June 1, 2006, George Albright, Jr. ("Albright"), was driving the tractor-trailer that caused the accident that is the subject of this case. Plaintiff Deborah Casey ("Casey") was

---

[1]On January 8, 2008, this Court dismissed Case No. 06-4237-CV-W-NKL, pursuant to Fed. R. Civ. P. 41(a)(2).

1

injured in the accident. At the time of the accident, Casey was an ultrasound technologist at Shawnee Mission Medical Center ("SMMC") in Overland Park, Kansas. After rehabilitation, Casey returned to work; however, her employer informed her that she could not come back because she could not meet SMMC's "lifting restriction." It is unknown what this so-called lifting restriction entailed.

Casey submits the testimony of Michael Dreiling ("Dreiling"), a vocational rehabilitation expert, to establish her inability to return to work as an ultrasound technician. Defendants claim that Dreiling's testimony is unreliable and inadmissible for the following reasons: (1) his testimony is based on only one interview; (2) his testimony is unfounded and simply improperly restates Casey's own opinions; (3) his opinions are based on hearsay and inconsistent with the opinions of medical professionals included in Casey's Functional Capacity Evaluation ("FCE"); (4) out of hundreds of medical records, he only reviewed and relied on a few "hand-selected" records; (5) he made no effort to contact SMMC to determine why Casey was not allowed back to work, even though in his former job with a "Return to Work" Kansas agency, he would have made such a call; and (6) he made no effort to contact other local hospitals to evaluate employment opportunities.

Casey has the burden of establishing the admissibility of Dreiling's testimony. *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001). To be admissible, expert testimony must be both relevant to a material issue and reliable. *Margolies v. McCleary, Inc.*, 447 F.3d 1115, 1120 (8th Cir. 2006). Under Federal Rule of Evidence 702, if specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in

2

issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Expert testimony may not be permitted where it is based upon speculation. *Concord Boat Corp. v. Brunswick Corp.*, 207 F.3d 1039, 1057 (8th Cir. 2000).

## II. Discussion

Most of Defendants' complaints relate to the factual basis of Dreiling's expert testimony: conducting only one, one and a half hour interview; reviewing only a few medical records instead of all the records; disagreeing with some of the opinions contained in the FCE; and deciding not to call SMMC or other hospitals. "As a general rule, the factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." *Loudermill v. Dow Chem. Co.*, 863 F.2d 566, 570 (8th Cir. 1988); *see also Air Evac EMS, Inc. v. Aeronautical Accessories, Inc.*, No. 96-3605, 1997 WL 545304, at * 1 (8th Cir. Sept. 5, 1997) ("But weakness in the factual basis of expert testimony goes to the weight, not the admissibility, of that testimony."). "Only if an expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." *Hose v. Chicago Nw. Transp. Co.*, 70 F.3d 968, 974 (8th Cir. 1995).

Casey has shown that Dreiling, a vocational expert, relied on an interview and his review of several medical records in reaching his conclusions, and is not simply restating her

3

own opinions. This testimony is relevant to establishing whether Casey can return to work, and, therefore, relevant to the damages she suffered. The Court finds that Dreiling's opinion is supported by sufficient data and facts. Defendants actually seek to attack the factual basis of Dreiling's conclusion: what records he may or may not have reviewed, whether he should have made calls to SMMC or other hospitals or whether one interview was sufficient. Of course, Defendants are free to question Dreiling's factual basis during cross-examination; however, it is up to the jury, not the Court, to weigh the credibility of that testimony.

Further, Defendants argue that Dreiling's Rule 26 report does not mention the report of Dr. Navato-Dehning ("Dehning"), a physician at Mid-America Rehabilitation Hospital, and on which Casey relies in response to this motion. Thus, Defendants argue, the Rule 26 report does not contain all the data or other information considered by Dreiling and should be stricken. But, as Exhibit B attached to Defendants' response indicates, this was brought out in Dreiling's deposition testimony by Defendants' attorney, and Defendants' counsel discussed Dehning's report with Dreiling. Defendants had more than enough opportunity to discuss and discover the extent Dreiling relied on Dehning's report, and in fact took advantage of this opportunity. Therefore, any failure to disclose is harmless and has not prejudiced Defendants. *See Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

Next, Defendants contend that Dehning's report indicated that she needed more information to evaluate Casey's functional capabilities, and therefore Dreiling cannot properly rely on her report in reaching his own conclusions. Defendants have cited no caselaw for support, except to claim this is an "unreliable" medical basis for Dreiling's

4

opinions. Again, as Defendants admit, this goes to the factual basis of Dreiling's testimony, and is a credibility issue which they may address on cross-examination, and which the jury may weigh. Moreover, the Court does not agree that just because Dehning said that a Functional Capacity Assessment would "further clarify the patient's restrictions" and that "[l]ooking at the data we can make a better clear determination if that is something she can get back to," it means Dehning's report is inherently incomplete and unreliable. As a vocational rehabilitation expert, Dreiling is qualified to reach those ultimate conclusions himself but may find other observations made in Dehning's report helpful. Defendants can question Dreiling on the factual basis used to form those conclusions.

Finally, Defendants assert that Dreiling is not a medical expert, and therefore he cannot offer opinions contrary to the FCE. They argue that Dreiling may not selectively "pick and choose" with which of the FCE's conclusions he agrees. Defendants offer no caselaw supporting this position. Just because testimony touches on medical issues does not preclude testimony from experts who are not healthcare professionals. *See Fox v. Dannenberg*, 906 F.2d 1253, 1256 (8th Cir. 1990) ("The engineers' lack of medical training did not render them wholly incompetent to offer expert opinions as to who was driving the car in this case."). Because this relates to Dreiling's factual basis, Defendants may cross-examine him regarding his use of the FCE. As a vocational rehabilitation expert, Dreiling's job necessarily involves evaluating individuals' physical abilities and limitations. The Court cannot rule as a matter of law that such vocational experts must always defer to medical professionals.

5

## III. Conclusion

Accordingly, it is hereby

ORDERED that Defendants' Joint Motion to Exclude or, in the Alternative, to Limit the Testimony of Plaintiffs' Expert Michael Dreiling [Doc. # 479] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: March 21, 2008
Jefferson City, Missouri